RECEIVED
IN LAKE CHARLES, LA

AUG 22 2012

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LINDA AND WILLIAM CLARK** | : | **DOCKET NO. 2:10 CV 1483** |
| VS. | : | JUDGE MINALDI |
| **BENJAMIN L. HOOPER, ET AL.** | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [Doc. 36], filed by the defendant, Strouhal Tire Recapping Plant, Ltd. ("Strouhal"). The Motion is opposed by the plaintiffs, Linda and William Clark (the "Clarks") [Docs. 41 & 47], and Strouhal's codefendants, Benjamin Hooper, Troy Manchaca, Gulf States Trucking, Inc. ("Gulf States"), and Zurich American Insurance Company of Illinois (collectively, the "Gulf States Defendants") [Docs. 40 & 46]. Strouhol filed a Reply to the Gulf States Defendants' Responses in Opposition to the motion [Doc. 49]. For the reasons stated herein, the motion will be granted.

### FACTS

In this lawsuit, the Clarks seek damages for injuries they allegedly sustained in a three-car automobile accident on August 2, 2009.[1] The Clarks were driving eastbound on Interstate 10 near Vinton, Louisiana when a truck and trailer driven by Benjamin Hooper[2] veered into their

---

[1] Notice of Removal Ex. 1, State Court Petition ¶ 2 [Doc. 1-1].

[2] The Clarks allege that at the time of the accident, Hooper was acting within the course and scope of his employment with Gulf States and that either Gulf States or its owner, Troy Manchaca, owned the truck he was driving. State Court Petition ¶¶ 2,6.

1

lane and collided with their vehicle, causing it to strike a third vehicle.[3]  Hooper maintains that he lost control of the truck when his right front tire blew out.[4]

Several days before the accident, on July 28, 2009, Hooper took the truck to Strouhal to have the rear tires replaced.[5] Hooper testified that he "probably" also requested that Strouhal inspect the front tires and replace them if the tread on any of the rear tires being removed was in better condition than the tread on any of the front tires.[6] The Clarks maintain, based on the fact that one of the front tires blew out less than a week later, that Strouhal negligently failed to discover that the tire needed to be replaced.[7] Accordingly, they allege that Strouhal is solidarily liable with the Gulf States Defendants for their injuries.[8]

Strouhal now moves for summary judgment dismissing the Clarks' claims against it. It argues that the Clarks have failed to produce any evidence that Strouhal had any duty to inspect or replace the front tires of the truck or that its alleged negligence in failing to do so caused the accident.[9]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex*

---

[3] State Court Petition ¶ 2.

[4] Strouhal's Mot. for Summ. J. Ex. C, Dep. of Benjamin Hooper 7:11-13; 49:12-14 [Doc. 37-3].

[5] Am. Compl. ¶ 8; Hooper Dep. 24:17-27:10.

[6] Hooper Dep. 27:4-28:12. 30:17-25.

[7] Am. Compl. ¶ 8.

[8] State Court Petition ¶ 2.

[9] Mem in Supp. of Mot. for Summ. J. ¶¶ 8-11 [Doc. 27].

*Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## ANALYSIS

In order to prevail in a cause of action for negligence under Louisiana law, a plaintiff must prove: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard; (3) the defendant's substandard conduct was the cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *Wiltz v. Bayer CropScience, L.P.*, 594 F.3d 690, 698 (5th Cir. 2011). Strouhal argues that the Clarks cannot establish any of the first three elements of their negligence claim against it. First, it asserts that the Clarks cannot show that Strouhal had any duty to inspect the front

tires of the truck because there is no evidence that Hooper requested that it do so.[10] Second, it argues that the Clarks have produced no evidence that any of the truck's front tires contained a defect that Strouhal should have detected in the exercise of ordinary care or that any such defect caused the accident.[11]

Under Louisiana law, an automobile mechanic who agrees to make repairs on a vehicle owes a duty of ordinary care to third persons who may foreseeably be injured by his or her negligence. *See Block v. Fitts*, 274 So.2d 811, 813 (La. App. 3d 1973). Even if the Clarks can establish that Strouhal owed them a duty of care, however, the court agrees that they cannot carry their burden of establishing that Strouhal breached that duty or that its alleged negligence caused their injuries. Neither the Clarks nor the Gulf States Defendants preserved the tire that caused the accident. The Clarks therefore cannot provide any direct evidence that the tire blew out because of a defect which Strouhal should have detected in the exercise of ordinary care, or that it would not have blown out if Strouhal had replaced it. In fact, the only direct evidence concerning the condition of the tire on the day of the accident is Hooper's deposition testimony that he inspected the tire before setting out that morning and found it to be in good condition.[12]

Instead, the Clarks appear to rely solely on circumstantial evidence to establish causation and negligence. The mere fact that the tire blew out, however, is insufficient to permit a reasonable factfinder to infer that the tire needed to be replaced when Strouhal inspected it three days prior, that Strouhal should have discovered that fact in the exercise of ordinary care, or that the tire's allegedly poor condition caused it to blow out.

---

[10] Mem in Supp. of Mot. for Summ. J. ¶ 8.

[11] *Id.* ¶¶ 9-11.

[12] Hooper Dep. 8:7-9:1.

In rare instances, a plaintiff may prove a defendant's negligence through circumstantial evidence alone under the doctrine of *res ipsa loquitur*. *Cangelosi v. Our Lady of the Lake Regional Medical Ctr.*, 564 So.2d 654 (La.1989). This is not such a case. *Res ipsa loquitur* applies only where "(1) the injury is of the kind which does not ordinarily occur in the absence of negligence on someone's part; (2) the evidence sufficiently eliminates other more probable causes of the injury, such as the conduct of the plaintiff or of a third person; and (3) the alleged negligence of the defendant must be within the scope of the defendant's duty to the plaintiff." *Linnear v. CenterPoint Energy Entex/Reliant Energy*, 06-3030, p. 10 (La. 9/5/07); 966 So.2d 36, 44.

It is well established that there are many reasons a tire may blow out, a number of which do not involve negligence on the part of anyone. *See Williams v. U.S. Royal Tires*, 101 So.2d 488, 492 (La. App. 1 Cir. 1958) ("There are numberless means or causes other than a defect . . . which bring about a blow out of a tire."); *Edwards v. Sears, Roebuck and Co.*, 512 F.2d 276, 279-80 (5th Cir. 1975) (noting that a blow out could have been caused by underinflation and speed rather than a defect); Restatement (Second) of Torts § 328D (1965) ("The fact that a tire blows out . . . is not, in the absence of anything more, enough to permit the conclusion that there was negligence in inspecting the tire . . . because it is common human experience that such events all too frequently occur without such negligence."). Moreover, while it is possible that the blow out was caused by a dangerous condition in the tire itself that both Strouhal and Hooper failed to observe, it is at least as likely that it was caused by debris in the road, especially given the fact that the road on which Hooper was travelling was under construction at the time of the accident.[13] Accordingly, this court concludes that the Clarks cannot sustain their burden of

---

[13] *See* Hooper Dep. 6:24.

proving that Strouhal breached any duty it may have owed to them or that their injuries would not have occurred but for Strouhal's alleged negligence.

## CONCLUSION

For the reasons stated herein, Strouhal's Motion for Summary Judgment will be granted, and the Clarks' claims against Strouhal will be dismissed.

Lake Charles, Louisiana, this 20 day of August 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE